# 098UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **Aiydah Brown,** <br><br> **Plaintiff,** <br><br> v. <br><br> **Western Express, Inc.,** <br><br> **Defendant.** | **Case No.** <br> _____ <br><br> **Jury Trial Demanded** |

## COMPLAINT

Plaintiff Aiydah Brown ("Plaintiff"), by and through counsel, files this Complaint against Defendant Western Express, Inc. for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees, and for declaratory judgment. Plaintiff alleges as follows:

### PARTIES

1. Plaintiff resides in Nashville, Tennessee.
2. Defendant Western Express, Inc., ("Western Express") is Tennessee Corporation with its principal place of business at 7135 Centennial Place Nashville, Tennessee 37209.

1

3. Western Express may be served through its registered agent Roland Lowell at 7135 Centennial Place Nashville, Tennessee 37209.

## JURISDICTION AND VENUE

4. Plaintiff brings this action on behalf of herself and files her written consent in writing to become such a party. (Exhibit A – Consent).

5. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue properly lies in this district under 28 U.S.C. § 1391(b)(1) because the Western Express resides in this district.

## COVERAGE UNDER THE FLSA

7. Western Express employed Plaintiff from May 2019 to August 2019.

8. At all relevant times, Plaintiff was an "employee" of Western Express and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

9. At all relevant times, Western Express was the "employer" of Plaintiff.

10. At all relevant times, Western Express had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

11. At all relevant times, Western Express was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

## FACTS

12. Western Express is a tractor trailer company headquartered in Nashville, Tennessee.

13. Western Express has trucking terminals and facilities throughout the United States.

14. Western Express maintains a trucking terminal in Nashville, Tennessee.

15. Western Express maintains a fleet of over 3,000 tractors and 7,500 trailers, all of which are trackable by GPS.

16. Western Express's business is to haul freight for its customers throughout the United States.

17. In May 2019, Western Express hired Plaintiff as an over-the-road truck driver.

18. Western Express required its employee Plaintiff to attend a mandatory multi-day orientation program for which she was not paid minimum wage.

## VIOLATION OF THE FLSA

19. From May 2019 until the end of Plaintiff's employment in August 2019, Western Express employed Plaintiff to work as an over-the-road truck driver.

20. At the beginning of Western Express's employed Plaintiff, Western Express designated Plaintiff as being in its over-the-road training program.

21. Western Express continued to designate Plaintiff as being in it training program throughout Plaintiff's employment with Western Express.

22. Despite being designated as being in the training program, Plaintiff performed work substantially for the benefit of Western Express including but not limited to driving trucks for Western Express.

23. Western Express failed pay Plaintiff minimum wage required by the FLSA for many workweeks during her employment.

24. The FLSA requires Western Express to keep hours-of-work data.

25. Western Express utilized a Qualcomm system to keep its driver's logs and to record other data regarding the operation of its tractor trailers.

26. The Qualcomm data in Western Express's possession includes data that records some of the hours that Plaintiff worked for Western Express.

27. Western Express denied Plaintiff minimum wage compensation for her work as an over-the-road truck driver.

28. Western Express violated the FLSA by willfully refusing to pay Plaintiff proper minimum wage compensation for the hours she worked.

29. Western Express's policy and practice of requiring Plaintiff to perform work while paying her less than the minimum wage violated the FLSA.

## WESTERN EXPRESS BREACHED ITS EMPLOYMENT AGREEMENT

30. Western Express required that Plaintiff sign a written employment contract ("the contract").

31. A true and correct copy of the contract is attached as Exhibit A.

32. The contract – and federal law incorporated into the contract – required Western Express to pay Plaintiff proper wages, including minimum wage.

33. The contract was executed on May 28, 2019.

34. The contract purports to require Plaintiff to work for Western Express for a total of twelve months.

35. The contract required Western Express to provide Plaintiff with extensive professional commercial driver training and instruction in order for Plaintiff to satisfy Western's eligibility requirements for the position of a commercial truck driver.

36. The contract provided that the training provided would be substantially similar to training available at professional commercial truck driving and vocational schools.

37. Western Express materially breached the contract by failing to provide such professional skills training.

38. Western Express also materially breached the contract by not paying Plaintiff the wages due under the contract, including minimum wage.

39. Plaintiff's right to a minimum wage for all hours worked cannot be abridged by contract or otherwise waived.

40. Western Express materially breached the contract in other ways.

41. The contract provides a twelve-month term providing an unenforceable and substantial penalty against Plaintiff for terminating the contract. The penalty provision provides that, if Plaintiff does not work for Western Express for a total of twelve months, Plaintiff is liable to pay Western Express $2,500.00, less $208.00 for each month of Plaintiff's employment with Western Express. Ex. A at ¶ 9 ("Breach and Liquidated Damages Provision").

42. This penalty for termination provision is unilateral and includes no penalty or damage for Western Express for terminating the contract.

43. The unilateral termination provision and unilateral liquidated damages/penalty provision are unconscionable, against public policy, contrary to law and unenforceable.

44. Western Express materially breached the contract before Plaintiff terminated her employment with Western Express. Plaintiff had no duty to continue working for Western Express for twelve months.

45. Plaintiff last worked for Western Express in approximately the week of August 19, 2019.

46. Western Express has attempt to collect on the unenforceable Breach and Liquidated Damages provision against Plaintiff.

47. On December 3, 2019, Western Express emailed Plaintiff asserting that she owed "up to $2,500" under the contract because she was not employed by Western Express for twelve months. In the email, Western Express asked Plaintiff to contact Western Express "to discuss returning to work to complete your contractual obligations or to make payment arrangements."

48. In a follow-up email on December 5, 2019, Western Express told Plaintiff that she owed Western Express $1,972.60 under the liquidated damages provision and asked for Plaintiff to provide her credit or debit card information to pay the debt.

49. Western Express retained Lockhart, Morris & Montgomery, a collection agency, to attempt to collect the claimed debt from Plaintiff and to damage Plaintiff's credit by reporting the unlawful debt to credit agencies.

50. On November 30, 2021, Western Express – acting through its agent Lockhart, Morris & Montgomery – asserted on Plaintiff's Experian credit report that

7

Plaintiff was seriously past due on a $1,925 debt to Western Express (referring to the debt asserted under the Breach and Liquidated Damages provision)

51. Western Express continues to attempt to collect this invalid debt from Plaintiff.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS- MINIMUM WAGE

52. Plaintiff repeats and realleges each paragraph above as though it were fully set forth herein.

53. At all relevant times, Western Express was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 206(a).

54. At all relevant times, Western Express employed Plaintiff within the meaning of the FLSA.

55. At all relevant times, Western Express failed to compensate Plaintiff at the applicable federal minimum wage.

56. Western Express's failure to pay minimum wage constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57. Western Express's FLSA violations damaged Plaintiff. Plaintiff is entitled to recover from Western Express compensation for unpaid minimum wages (with no set-off for amounts Western Express claims that it is owed under the

liquidated damages provision), an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs under to 29 U.S.C. § 216(b).

## COUNT II
## DECLARATORY JUDGMENT-
## 28 U.S.C. § 2201

58. Plaintiff repeats and realleges each paragraph above as though it were fully set forth herein.

59. The contract required Western Express to pay Plaintiff wages, including minimum wage, for all hours worked.

60. Western Express breached the material terms of the contract by, among other things, failing to pay Plaintiff wages, including minimum wages, for all hours worked.

61. Western Express was the first to breach the terms of the contract and waived any right to enforce a Breach and Liquidated Damages provision in the contract.

62. The unilateral requirement that Plaintiff work for Western Express for 12 months was not enforceable as against public policy.

63. The Breach and Liquidated Damages provision is not enforceable, is against public policy, and is unconscionable under Tennessee law.

64. Enforcement of the Breach and Liquidated Damages provision will result in Plaintiff earning less than minimum wage as an employee of Western Express.

65. A judgment in favor of Plaintiff on her FLSA claim will not remedy the failure to pay minimum wage if Western Express is allowed to enforce the Breach and Liquidated Damages provision of the contract.

66. Enforcement of the Breach and Liquidated Damages provision will reduce Plaintiff's wages to less than minimum wage – even if she recovers minimum wages under her FLSA count.

67. Plaintiff has suffered harm from Western Express's attempts to collect pursuant to the Breach and Liquidated Damages provision of the contract.

68. Western Express, acting through its agent Lockhart, Morris & Montgomery, has damaged Plaintiff's credit history, and made it more difficult and expensive for Plaintiff to obtain credit.

69. Plaintiff has suffered an injury in fact due to Western Express's continued pursuit of Plaintiff for the debt it claims she owes under the Breach and Liquidated Damages provision of the contract and because the asserted debt appears on Plaintiff's credit report and has affected her credit score.

70. It is likely that Plaintiff's injury would be redressed by a favorable declaration.

71. In the contract, Western Express attempts to abridge Plaintiff's right under the FLSA to the minimum wage, and Western Express is using the alleged debt

under the contract's liquidated damages provision to attempt to coerce Plaintiff into returning to working for sub-minimum wages.

72. "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 101 S.Ct. 1437, 1444, 67 L.Ed.2d 641 (1981).

73. Plaintiff has suffered harm and faces imminent future harm from Western Express's claim that she must return to work for less than minimum wage or pay Western Express the debt that it claims Plaintiff owes under the contract.

74. There is an actual controversy and dispute between Plaintiff and Western Express as to the enforceability of the Breach and Liquidated Damages provision, and whether she is indebted to Express pursuant to the Breach and Liquidated Damages provision.

75. Therefore, Plaintiff seeks a declaration that Plaintiff owes nothing to Western Express pursuant to the Breach and Liquidated Damages provision .

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Western Express:

    A.    An award of unpaid compensation for minimum wages to Plaintiff;

    B.    An award of all liquidated damages for unpaid wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff;

D. Declaratory judgment as prayed for herein; and

E. Such other and further relief as this Court deems just and proper.

Respectfully submitted this February 25, 2022,

Respectfully Submitted,

/s/ Daniel Arciniegas
TN BPR #035853
**Arciniegas Law, PLLC**
1242 Old Hillsboro Road
Franklin, TN 37069
(629)777-5339 telephone
Daniel@attorneydaniel.com

**Of Counsel:**
/s/ Patrick J. Hannon (Pending *PHV admission*)
**HALL & LAMPROS LLP**
400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
patrick@hallandlampros.com

*Attorneys for the Plaintiff*

**Notice of Lawsuit and Requests for Waivers of Service to Be Sent by Certified Mail to the Following:**

Western Express Inc.,
C/O Roland Lowell
7135 CENTENNIAL PL
NASHVILLE, TN 37209-1033 USA